IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GUADALUPE GONZALEZ,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 3:15-cv-02126-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Frederick M. Boss, Deputy Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Sexual Abuse in the First Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 2009, the Marion County Grand Jury charged petitioner with five counts of Sexual Abuse in the First Degree. Petitioner admitted to the criminal conduct and ultimately pleaded guilty to three counts of Sexual Abuse in the First Degree in exchange for the State's agreement to dismiss the remaining charges and cap its sentencing recommendation at 150 months.

During petitioner's sentencing, the judge stated the following without objection:

> I'm going to read you something and this is from a gentleman that was a former police chief, he was an FBI special agent, he was a member of the FBI's first SWAT team and he's chief of the FBI's behavioral science unit. He has a substantial history and expertise in child abuse, and this is what he says about pedophiles. They are rational, sadistic, often intelligent and almost invariably narcissistic. They see themselves as living in a realm somewhere above the rest of us in a place where the rules of normal society do not apply. The depth of this psychopathic evil is beyond comprehension of most normal people. I've seen it many times. A pedophile is arrested, a man from a comfortable, upper class neighborhood, suddenly all of his neighbors express shock and [disbelief]. He was such a fine,

2 - OPINION AND ORDER

>upstanding man, a doting father. He even coached Little League. He can't possibly have done what he's accused of. What those good people don't fully comprehend is that as a pedophile, this man is a sexual abuser of children. He hurts children. That is what he is at his core. He hurts children because, to him, their suffering is of no consequence. It is a meaningless byproduct of behavior that makes him feel good and his own pleasure is more important to him than anything or anyone else. Invariably, even from behind prison bars, he will never concede that what he did was damaging to a child. No, he insists what he did was done of love and it is the rest of the world that doesn't understand. Reality is that this man's wife, his nice house in the suburbs, his coaching job, even his own children are props, the artifice that covers up and facilitates what he truly is. He continues to do what he does because that is what he cherishes above all else. What is real about him is his evil.

Respondent's Exhibit 105, pp. 23-24.

The judge also stated that "experts tell me that people who abuse children . . . there is no rehabilitation for them, they don't get cured of it." *Id* at 26. He indicated that although he was inclined to sentence petitioner consecutively on all three counts for a total sentence of 225 months,[1] he would follow the State's recommendation and sentence petitioner to 150 months in prison. *Id* at 29.

Petitioner took a direct appeal wherein he challenged the proportionality of his sentence under the Oregon Constitution, but the Oregon Court of Appeals affirmed the trial court's decision without opinion and the Oregon Supreme Court denied

---

[1] Either the sentencing judge or the court reporter mistakenly cited the upward figure as 220 months.

3 - OPINION AND ORDER

review. *State v. Gonzalez,* 242 Or. App. 604, 255 P.3d 676, *rev. denied,* 350 Or. 717, 260 P.3d 494 (2011).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County. Among his claims, petitioner asserted that his trial attorney had performed in a constitutionally ineffective manner when he failed to object to the sentencing judge's reliance on an expert letter that neither party submitted. The PCR court denied relief on this claim, finding that while there appeared to be "some bias" on the part of the sentencing judge, he also relied upon several other bases when imposing petitioner's sentence. Respondent's Exhibit 129, p. 17. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Gonzalez v. Nooth,* 271 Or. App. 377, 353 P.3d 618, *rev. denied,* 357 Or. 640, 360 P.3d 523 (2015).

On November 12, 2015, petitioner filed his Petition for Writ of Habeas Corpus in which he raises three grounds for relief:

> 1. The sentencing court erred in imposing a mandatory minimum sentence;
>
> 2. Counsel at sentencing failed to: (a) object to the judge prosecuting the case; (b) object to an anonymous expert's opinion being read into the case; (c) demand cross examination of the expert; and (d) verify credentials of the expert; and
>
> 3. The sentencing judge committed misconduct when he determined to practice law from the bench insofar as he introduced his own expert witness at the sentencing, thus taking on the role of a prosecutor.

Respondent asks the court to deny relief on the Petition

4 - OPINION AND ORDER

because: (1) petitioner failed to fairly present Grounds One and Three to Oregon's state courts, leaving them procedurally defaulted; and (2) the PCR court's denial of Ground Two is correct and entitled to deference.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas

court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. **Unargued Claims**

As previously noted, petitioner raises three grounds for relief in his Petition. In his supporting memorandum, however, petitioner chooses to brief only his Ground Two claim that trial counsel failed to object to the sentencing court's reliance on an unidentified expert opinion concerning sexual offenders. Petitioner does not argue the merits of his remaining claims, nor does he address any of respondent's arguments as to why relief on these claims should be denied. As such, petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has

examined them based upon the existing record and determined that they do not entitle him to relief.

### III. Failure to Object at Sentencing

With respect to petitioner's claim that counsel should have objected to the sentencing court's reliance upon the opinion of an unidentified expert, no Supreme Court precedent is directly on point that corresponds to the facts of this case. As a result, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the proceeding. *Id* at 696. When *Strickland's* general standard is combined with the standard of

review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During petitioner's PCR proceedings, he introduced an affidavit from his trial attorney on the issue. Counsel stated as follows:

> . . . I would note that the Judge did express an opinion relating to recidivism in sex offenders and expressed his belief that no therapy would deter future conduct of this sort, however there was absolutely no opportunity at that point to call witnesses in rebuttal. Had I known in advance of [the Judge's] bias I certainly would have sought some rebuttal evidence with respect to his opinions and/or I would have moved to recuse him from the case prior to the plea. I sincerely feel that [the Judge's] predispositions in this case did seriously prejudice him in imposing the sentences that he did.

Respondent's Exhibit 120, p. 2.

The PCR court resolved the issue in a reasoned decision:

> Well, it appears to me – I read the sentencing transcript that was provided. Because this case arose out of Marion County it's unique in the sense that I know the people involved in the case. I'm very familiar with the defense counsel . . . and also am very familiar with [the Judge].
>
> It appeared to me that the Judge may have had a bit of preconceived bias towards offenders of [petitioner's] type, but that's a risk, qui[te] candidly, that Defendants run when they come into court.
>
> [Petitioner's] memorandum dealt extensively with something that isn't part of post conviction relief, so counsel knows why he didn't bring it up, I just want to mention[]

8 - OPINION AND ORDER

> it, the fact that [the Judge] should have recused himself, and maybe he should have. But certainly [defense counsel] was unaware of anything like that.
>
> I read over the transcript in light of the fact that it appeared there was some bias there on behalf of the Judge. . . . [I]f that external report were the only basis upon which the Judge imposed the sentence he did, I might feel a little more strongly that your case would have greater impact.
>
> But I agree with [the State's PCR attorney], it is not the only thing that the Judge relied upon. There were a whole number of things, including arguments of the District Attorney and presentation of other victims, and notwithstanding Dr. Davis' report that there had been other victims of this gentleman, and I think clearly he was facing, as [the State's PCR attorney] just indicated, without the Plea Agreement, five counts of possibly 75 month[s] being all run consecutive.
>
> Even at sentencing he was potentially looking at 225 months, which both of you agree, the Judge indicated he wanted to impose, but because the District Attorney had stipulated to 150 months, that was what he imposed.
>
> I find from the evidence presented that Mr. Gonzalez failed to prove by a preponderance of the evidence that he received ineffective assistance of counsel.

Respondent's Exhibit 129, pp. 16-18.

Petitioner asserts that despite his attorney's surprise at the trial court's reliance on the unidentified expert, counsel should have objected, requested a continuance to enable counsel to locate and call rebuttal experts, and moved to recuse the

9 - OPINION AND ORDER

trial Judge due to bias.[2]  He claims that, contrary to the PCR court's decision, counsel's failure to object prejudiced him because the sentencing Judge made a point of recounting the expert opinion just prior to imposing sentence.  He therefore reasons that the expert opinion formed a key basis for the Judge's view of the appropriate punishment in that case.

The PCR court recognized the apparent bias of the sentencing Judge as well as the impropriety of considering the unidentified expert's opinion.  It therefore focused upon the prejudice prong of *Strickland*, reasoning that the sentencing Judge's reference to the unidentified expert did not affect petitioner's sentence where the Judge also relied upon a variety of other, proper factors in imposing the 150-month sentence.  A review of the record reveals that petitioner not only acknowledged abusing the minor victim between 20 and 30 times, but also told both a polygrapher as well as a psychosexual evaluator of additional, uncharged sexual abuse involving other minor children from his family leading to a psychosexual finding of pedophilia where petitioner had a "long history of sexual contact with minors within his own family." Respondent's Exhibit 111, pp. 18-19; Respondent's Exhibit 116, p. 9; Respondent's Exhibit 124, p. 20.  The sentencing Judge was also perturbed by the fact that many of the victim's family members appeared more concerned for

---

[2] As the PCR court noted, recusal was not at issue in the PCR proceedings, Respondent's Exhibit 129, p. 17, and petitioner did not base his ineffective assistance of counsel claim on any failure of counsel to move for recusal. Respondent's Exhibit 131; Respondent's Exhibit 133.

petitioner's well-being at sentencing than that of his victim. Respondent's Exhibit 105, pp. 24-25.

Given the totality of the record before the sentencing court, including petitioner's admitted and lengthy history of familial child abuse, he failed to establish in his PCR proceedings that he likely would have received a lesser sentence had counsel objected to the court's consideration of the unidentified expert opinion. At a minimum, the court cannot conclude that the PCR court's reasoned decision was so erroneous that no reasonable jurist could agree with it. As a result, the PCR court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court does, however, issue a Certificate of Appealability as to petitioner's argued claim of ineffective assistance of counsel.

IT IS SO ORDERED.

DATED this 25th day of January, 2017.

_____
Michael H. Simon
United States District Judge

11 - OPINION AND ORDER